IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Edward Kasper and other persons similarly situated,<br><br>                  Plaintiffs,<br><br>      vs.<br><br>Ford Motor Company,<br><br>                Defendant. | CASE NO.: _____<br><br>JUDGE _____<br><br>MAGISTRATE _____<br><br>**NOTICE OF REMOVAL** |

Please take notice that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Ford Motor Company ("Ford") hereby removes this action, *Kasper, et al. v. Ford Motor Company*, Case No. CV 18 906893, from the Court of Common Pleas for Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio. In support, Ford states as follows:

**Background**

1.      On November 13, 2018, Plaintiffs filed a Class Action Complaint against Ford in the Court of Common Pleas for Cuyahoga County, Ohio. The case was docketed under Case No. CV 18 906893. Plaintiffs obtained service on Ford on November 19, 2018. A copy of the docket

and pleadings served upon Ford is attached as Exhibit A, and includes the Complaint and Summons.

2.      The Class Action Complaint purports to assert the following claims for relief: (1) Disability Discrimination Resulting in Failure to Hire under Ohio Rev. Code § 4112.02; (2) Disability Discrimination – Failure to Provide Reasonable Accommodation Resulting in Failure to Hire under Ohio Rev. Code § 4112.02; (3) Disability Discrimination – Disparate Impact Resulting in Failure to Hire under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (4) Disability Discrimination – Failure to Provide Reasonable Accommodation Resulting in Failure to Hire under the ADA, 42 U.S.C. § 12101, *et seq.*; (5) Violation of 42 U.S.C. §§12101, *et seq.* – Title III of the ADA; and (6) Injunctive and Declaratory Relief. Each of Plaintiffs' allegations is based on their contention that Ford's online hiring process does not offer equal access. (Ex. A, Compl., Intro.).

3.      Plaintiff Edward Kasper purports to bring the claims on behalf of himself as well as nationwide "class of all Ford Motor Company job applicants" within a four-year period "who were disabled within the meaning of R.C. 4112.02, *et. seq.* and the ADA and attempted to access Ford Motor Company's job portal to apply and were unable to apply for a Ford Motor position." (Ex. A, Compl., ¶¶ 2, 9).

4.      The relief Plaintiffs seek on behalf of themselves and others similarly situated includes, *inter alia*: (a) compensatory damages in an amount in excess of $25,000 for their economic loss, loss of opportunity, stress, depression, emotional distress, mental anguish, and other damages to be determined at trial; (b) an order declaring that the instant action is a proper class action; (c) an award to Plaintiff Kasper and class members of punitive damages in an amount

to be determined at trial; (d) attorneys' fees, costs, and interests in an amount to be determined at trial; and (e) such other further relief as may be deemed just and equitable.

## Federal Question Jurisdiction

5.      This Court has original jurisdiction over this action based upon federal question jurisdiction. 28 U.S.C. § 1331. Specifically, Plaintiffs' case arises from alleged violations of the ADA. 42 U.S.C. § 4112.01(A).

6.      This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a), since these claims are part of the same case or controversy and arise from the common nucleus of operative facts out of which Plaintiffs' federal claims arise, namely, alleged discrimination in relation to hiring processes. As a result, the entire action is removable pursuant to 28 U.S.C. § 1441(c).

7.      Ford is removing this action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1441(c). This civil action arises under the laws of the United States, and the Court has supplemental jurisdiction over Plaintiffs' state law claims.

8.      Venue is proper in the Northern District of Ohio, Eastern Division, because the state court action is pending within this Court's jurisdiction. 28 U.S.C. §§ 1441(a); 1446(a).

## Jurisdiction Under the Class Action Fairness Act

9.      The Court has original jurisdiction over this action under the Class Action Fairness Act (CAFA) set forth in 28 U.S.C. § 1332(d). *See also*, 28 U.S.C. § 1453; *Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014).  Ford denies the allegations in the complaint and that this case is suitable for class treatment, but as set forth below, the requirements for removal under CAFA are satisfied.

10.     Plaintiff brings this case as a class action, under the Ohio state law equivalent of Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent a putative class of "all Ford Motor Company job applicants who were disabled within the meaning R.C. 4112.02 et. seq. and the ADA and attempted to access Ford Motor Company's job portal to apply and were unable to apply for a Ford Motor position." (Ex. A, Compl., ¶9).

11.     Ford is not a citizen of Ohio, but is incorporated in Delaware and has its principal place of business in Michigan.  It is therefore a citizen of a different state from Plaintiff.

12.     Ford has received many thousands of job applications through its careers website from 2014 to present, and others have allegedly "attempted to access Ford['s] job portal to apply and were unable."  According to the United States Census Bureau, there were nearly 40 million Americans with a disability in 2015, representing 12.6% of the population. *Disability Characteristics, 2015 American Community Survey 1-year Estimates*, U.S. CENSUS BUREAU, *available at* https://factfinder.census.gov/rest/dnldController/deliver?_ts=562765736266 (last visited Dec. 13, 2018).  Plaintiff's proposed class definition therefore includes significantly more than 200 members.

13.     Plaintiff's complaint alleges in excess of $25,000 in compensatory damages for his claims and, by inference, seeks the same amount for each of the proposed class members.

14.     Ford denies that plaintiff or the putative class are entitled to any relief, but based on the foregoing estimated size of the putative class and the damages Plaintiffs seeks on behalf of himself and the putative class, the amount in controversy exceeds $5,000,000.

15.     Thus, this is a putative class action in which: (1) minimum diversity is satisfied; (2) the number of putative class members is greater than 100; and (3) the aggregate amount in

- 4 -

controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

## Procedural Requirements for Removal Are Satisfied

16.     Under 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Complaint and Summons upon Ford.

17.     The time for Ford to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

18.     Concurrent with this Notice, Ford is serving the Notice on Plaintiffs' counsel and will timely file its Notice of Filing of Notice of Removal and a copy of this Notice with the Clerk of Courts of the Cuyahoga County Court of Common Pleas. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

19.     By filing a Notice of Removal, Ford does not waive any right to assert any defense and/or objection to which it may be entitled.

**WHEREFORE**, Defendant Ford Motor Company respectfully requests that the above-captioned matter, now pending the Court of Common Pleas for Cuyahoga County, Ohio, Case No. CA 18 906893, be removed to this Honorable Court for trial and final determination.

Dated: December 17, 2018               Respectfully submitted,

/s/ *Ronald G. Linville*

Ronald G. Linville (0025803)
Email: rlinville@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive
Suite 1200
Columbus, OH  43215-4138
Telephone:    614.228.1541
Facsimile:    614.462.2616

Eugene Scalia
Email: escalia@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Telephone:  202.955.8500
*Seeking admission Pro Hac Vice*

Attorneys for Ford Motor Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was served upon Shawn Romer, sromer@romerlawfirm.com and Lewis Zipkin, zfwlpa@aol.com, via electronic mail, on this 17th day of December 2018.

/s/ *Ronald G. Linville*
Ronald G. Linville

# EXHIBIT
# A

[Print]

## CASE INFORMATION

**CV-18-906893 EDWARD KASPER, ET AL. vs. FORD MOTOR COMPANY**

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 11/20/2018 | N/A | SR | FEDEX RECEIPT NO. 37023593 DELIVERED BY FEDEX 11/19/2018 FORD MOTOR COMPANY PROCESSED BY COC 11/20/2018. | |
| 11/14/2018 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/14/2018 | D1 | CS | WRIT FEE | |
| 11/14/2018 | D1 | SR | SUMS COMPLAINT(37023593) SENT BY FEDERAL EXPRESS. TO: FORD MOTOR COMPANY 4400 EASTON COMMONS WAY, SUITE 125 COLUMBUS, OH 43219 | 🗎 |
| 11/13/2018 | N/A | SF | JUDGE MICHAEL E JACKSON ASSIGNED (RANDOM) | |
| 11/13/2018 | P1 | SF | LEGAL RESEARCH | |
| 11/13/2018 | P1 | SF | LEGAL NEWS | |
| 11/13/2018 | P1 | SF | LEGAL AID | |
| 11/13/2018 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 11/13/2018 | P1 | SF | COMPUTER FEE | |
| 11/13/2018 | P1 | SF | CLERK'S FEE | |
| 11/13/2018 | P1 | SF | DEPOSIT AMOUNT PAID LEWIS A ZIPKIN | |
| 11/13/2018 | N/A | SF | CASE FILED: COMPLAINT | 🗎 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2018 PROWARE. All Rights Reserved. 1.1.216



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**November 13, 2018 15:31**

By: LEWIS A. ZIPKIN 0030688

Confirmation Nbr. 1549282

EDWARD KASPER, ET AL.                               CV 18 906893

vs.

FORD MOTOR COMPANY                        **Judge:** MICHAEL E. JACKSON

**Pages Filed:** 16

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **EDWARD KASPER,** *et al.* | ) | **CASE NO:** |
| 3402 Parklane Dr. | ) | |
| Parma, OH 44134 | ) | **JUDGE:** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| -vs- | ) | |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| C/O Statutory Agent | ) | |
| CT CORPORATION SYSTEM | ) | |
| 4400 EASTON COMMONS WAY, Ste. 125 | ) | *Jury Demand Endorsed Herein* |
| COLUMBUS OH 43219 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now come Plaintiff Edward Kasper and other persons similarly situated, by and through the undersigned counsel, and for their Complaint against Defendant Ford Motor Company allege and state the following:

### INTRODUCTION

Plaintiff Kasper ("Plaintiff Kasper") and other persons similarly situated, bring this action in violation of Ohio Revised Code § 4112.01(A), the Americans with Disabilities Act ("ADA") 42 U.S.C. §12101 *et seq*., in addition to Title III of the ADA against Defendant Ford Motor Company ("Defendant Ford"), for failure to provide equal access to its online hiring process. Under the core meaning of Title III's nondiscrimination provision, the internet is a place of public accommodation where the owner must make web space accessible to persons with a disability. Furthermore, there is no undue burden or fundamental alteration to the nature of Defendant

Ford's business to make such accommodations. Plaintiffs seek punitive and compensatory damages to compensate for the economic loss, loss of opportunity, stress, and physical sickness damages caused by Defendant Ford's actions.

**PARTIES**

1.    Plaintiff Kasper is and at all relevant times herein has been a resident of Cuyahoga County, State of Ohio and was an "employee" under R.C. 4112.01(A)(3) and 42 U.S.C. §12101 *et seq.* He at all times relevant herein was "disabled" as defined under R.C. 4112 *et seq.* and the ADA.

2.    Unnamed class members consisting of all Ford Motor Company job applicants who within the four-year period preceding commencement hereof through the date of this action ("Class Period"), at the time of the applicants' attempt, were disabled within the meaning of R.C. 4112, *et. seq.,* and the ADA and attempted to access Defendant Ford's job portal to apply and were unable to apply for a position with Defendant Ford. They at all relevant times were "employees" as defined in R.C. 4112 *et. seq.* and the ADA.

3.    Defendant Ford is a Delaware corporation licensed to conduct business in Cuyahoga County, in the State of Ohio, and regularly does and solicits business and engages in other persistent courses of conduct or derives substantial revenue from goods used or consumed, or services rendered in the State of Ohio.

4.    At all times relevant to this Complaint, Defendant Ford was an "employer", as that term is defined by the Ohio Revised Code § 4112.01(A)(2) and 42 U.S.C. §12101 *et seq.*

**JURISDICTION AND VENUE**

5.     Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff's Complaint as if fully re-written herein.

6.     This action is brought, in part, pursuant to Ohio Revised Code § 4112.02, which provides for a private right of action for discrimination in employment, including hiring.

7.     Whereas the anticipated amount of damages exceeds the jurisdictional amount of the Municipal Courts of Ohio under Revised Code § 1901.17, jurisdiction in this action rests with the Court of Common Pleas under § 2305.01 of the Ohio Revised Code.

8.     Whereas the cause of action arose in Cuyahoga County, this Court is the proper venue for this action under Rule 3(B)(3) of the Ohio Rules of Civil Procedure.

**CLASS ACTION ALLEGATIONS**

9.     Plaintiff Kasper brings this action as a class action, pursuant to Ohio Civ. R. 23(A) on behalf of the class consisting of all Ford Motor Company job applicants who were disabled within the meaning of R.C 4112.02 *et. seq.*  and the ADA and attempted to access Ford Motor Company's job portal to apply and were unable to apply for a Ford Motor position.

10.  The class is sufficiently numerous that joinder of all members is impracticable. Although the precise number of class members is unknown to Plaintiff Kasper at this time, the class size can be determined by appropriate discovery.

11.  Plaintiff Kasper will fairly and adequately represent and protect the interests of the class in that he has no interests antagonistic to, nor in conflict with, the class. Plaintiff Kasper

has retained competent counsel, experienced in class action litigation, to further ensure such protection and who intend to prosecute this action vigorously.

12. There are questions of law and fact common to the class. These include the following:

    a.  Whether Defendant Ford failed to accommodate disabled persons with the online job application process pursuant to R.C. 4112 *et. seq.* and the ADA;

    b.  Whether Defendant Ford knew or should have known that the failure to accommodate disabled persons with the online job application could cause grave and extensive harm to that class of persons;

    c.  Whether Plaintiff Kasper and members of the class suffered harm of a kind different from that suffered by other members of the general public;

    d.  Whether Defendant Ford is liable to Plaintiff Kasper and the class members for the harm that they suffered; and

    e.  Whether Plaintiff Kasper and class members suffered damages as a result of Defendant Ford's conduct.

13. The claims of the representative Plaintiff are typical of the claims of the class, in that the same cause of action and common nucleus of operative facts applies to the representative Plaintiff and all class members.

14. Class treatment is a superior method for the fair and efficient adjudication of the controversy described. The questions of law and fact common to the members of the class predominate over any questions affecting individual members under the criteria set forth in Ohio Civ. R. 23(A).

15. Joinder of the large number of injured parties in this case is impracticable. This class action permits these parties to prosecute their common claims in a single forum simultaneously, without unnecessary duplication. The class action provides an efficient method whereby the rights of the plaintiffs, class members, and defendant can be managed and resolved in a single adjudication.

## **FACTS**

16. Plaintiff Kasper suffers from a disability caused by a brain injury.

17. Defendant Ford operates a number of facilities in the State of Ohio, including Cuyahoga County.

18. The only two means of applying for an entry-level job at Defendant Ford is through its website, or through Ohio Means Jobs, a government program.

19. In or around the summer of 2014, Plaintiff Kasper was told that Defendant Ford had job openings in the Cleveland area.

20. Ohio Means Jobs did not have any available job postings for Defendant Ford in the summer of 2014.

21. Plaintiff Kasper attempted to access http://corporate.ford.com to submit an application online for employment, but he was unable to do so due to his disability.

22. Plaintiff Kasper's disability makes it extremely difficult for him to fill out an application online because the amount of information contained on the website makes it difficult for Plaintiff Kasper to concentrate and find the information he needs.

23. Plaintiff Kasper, with or without a reasonable accommodation, could have performed the necessary job functions of a number of positions at Defendant Ford.

5

24. Defendant Ford's website is particularly difficult to use due to the number of steps necessary to reach its employment portal.

25. Unable to complete the application online, Plaintiff Kasper traveled to Defendant Ford's Cleveland Offices to inquire about applying either in person, through the mail, or any other means acceptable to Defendant Ford. Plaintiff Kasper asked if anyone from human resources could help him apply. He was told that this was not possible.

26. Plaintiff Kasper told Defendant Ford's representative of his disability, but Plaintiff Kasper was not provided with any accommodation.

27. A Defendant Ford representative told Plaintiff Kasper that he would have to submit an application online, regardless of his disability.

28. Plaintiff Kasper asked if there was a number he could call or person he could talk to for help in navigating the website and applying for a position, and he was told by the Defendant Ford representative that there was not.

29. Plaintiff Kasper then contacted the Ohio Civil Rights Commission ("OCRC") regarding Defendant Ford's application process.

30. The OCRC investigated Plaintiff Kasper's complaints over the course of several months.

31. Sheron Simpson, an OCRC official, told Plaintiff Kasper that she believed Defendant Ford's hiring practices discriminated against disabled individuals.

32. After Plaintiff Kasper's complaint, Defendant Ford's attorneys indicated that Defendant Ford edited its website to include a phone number that disabled individuals can call, and after leaving their information, these disabled individuals would presumably be offered assistance by a Defendant Ford representative in the application process.

6

33. This telephone number, however, is still to this day not readily accessible on Defendant Ford's homepage. It can only be accessed through a series of steps and appears in small font at the bottom of Defendant Ford's career page.

34. Plaintiff Kasper was still unable to locate the telephone number due to his disability.

35. After clicking on a link that is entitled "Applicants with Disabilities," Defendant Ford's website provides the following message: "If you need a reasonable accommodation for the online application process due to a disability please call 1-888-336-0660. Please include your contact information and details about posted position of interest. Only inquiries regarding assistance for those who need an accommodation with the online application process due to a disability will be returned."

36. With the assistance of an OCRC official, Plaintiff Kasper ultimately was able to obtain the number to Defendant Ford's application hotline.

37. Upon calling Defendant Ford's disability hotline number for applicants with disabilities, Plaintiff Kasper was able to leave a message with his name and contact information. Plaintiff Kasper was not able to leave information about the position that interested him or the position identification number of any job because he was prevented from accessing any information about any available positions due to Defendant Ford's discriminatory website.   The message also informed him that Defendant Ford's representative would "make every effort" to call him within two business days.

38. Plaintiff Kasper, despite these impediments, managed to leave multiple voicemail messages with his contact information, through help from the OCRC.

39.     After multiple calls were left unreturned, Plaintiff Kasper went to the OCRC and together with the assistance of OCRC official Sheron Simpson, called and left a voice message with Defendant Ford. Defendant Ford never returned Plaintiff Kasper's call.

40.     Over the course of several months, Plaintiff Kasper made several more attempts to call Defendant Ford, hoping to receive the promised callback.

41.     Plaintiff Kasper never received a return call form Defendant Ford.

42.     At no point over the course of several calls placed by Plaintiff Kasper did Defendant Ford ever supply him with a paper application or any other means of applying for a job.

43.     In 2017, Plaintiff Kasper travelled to Defendant Ford's Detroit Headquarters to attempt to achieve information on how to apply for a position.  He received the same answer from Ford Representatives that he had received in the past – that he must do so online. He was not provided with any number to call for help nor was he provided with a paper application.

44.     The online process, to this day, still discriminates against disabled individuals, thereby creating a continuing violation.

45.     Also, Defendant Ford's phone application process is only offered to applicants with a disability.

46.     Therefore, disabled applicants who are able to navigate the website, find the toll-free number, find the job listing through the website, leave a message, and receive a call back to fill out a paper application, and then submit a paper application are still subject to being singled-out by Defendant Ford for their disability, because to Defendant

Electronically Filed 11/13/2018 15:31 / / CV 18 906893 / Confirmation Nbr. 1549282 / CLJSZ

Kasper's knowledge, disabled individuals are the only applicants to utilize a paper application.

**FIRST CLAIM OF RELIEF**
**(Disability Discrimination – Disparate Impact Resulting in Failure to Hire under R.C. 4112.02)**
**(on behalf of Plaintiff Kasper and class members)**

47.     Plaintiff Kasper re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of Plaintiff's Complaint as if fully re-written herein.

48.     In violation of R.C. § 4112.02, Defendant Ford discriminated against Plaintiff Kasper and absent class members because of their disability with respect to the tenure, terms, conditions, privileges of employment, and other matters directly and/or indirectly related to their employment, by instituting a website that has a disparately negative impact on disabled individuals in relation to similarly-situated non-disabled applicants.

49.     Plaintiff and absent class members are entitled to a remedy under R.C. 4112.99.

50.     As a direct and proximate result of Defendant Ford's wrongful actions, conduct, and/or failure to act, Plaintiff Kasper, and other similarly situated individuals, have suffered and in all likelihood will continue to suffer severe damages, including but not limited to, lost wages, mental anguish and emotional distress, stress, anxiety, and inability to engage in their usual activities, all to their detriment.

51.     Defendant Ford's conduct evidences a conscious disregard for the rights and/or safety of Plaintiff Kasper and class members that have a great probability of causing, and did cause, substantial damages, thereby rendering Defendant Ford liable for punitive damages.

9

**SECOND CLAIM OF RELIEF**
**(Disability Discrimination – Failure to Provide Reasonable Accommodation Resulting in Failure to Hire under R.C. 4112.02)**
**(on behalf of Plaintiff Kasper and class members)**

52.  Plaintiff Kasper re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of Plaintiff's Complaint as if fully re-written herein.

53.  In violation of R.C. § 4112.02, Defendant Ford discriminated against Plaintiff Kasper and absent class members because of their disability with respect to the tenure, terms, conditions, privileges of employment, and other matters directly and/or indirectly related to their employment, by failing to accommodate their disabilities despite repeated requests for such accommodation.

54.  Plaintiff and absent class members are entitled to a remedy under R.C. 4112.99.

55.  As a direct and proximate result of Defendant Ford's wrongful actions, conduct, and/or failure to act, Plaintiff Kasper, and other similarly situated individuals, have suffered and in all likelihood will continue to suffer severe damages, including but not limited to, lost wages, mental anguish and emotional distress, stress, anxiety, and inability to engage in their usual activities, all to their detriment.

56.  Defendant Ford's conduct evidences a conscious disregard for the rights and/or safety of Plaintiff Kasper and class members that have a great probability of causing, and did cause, substantial damages, thereby rendering Defendant Ford liable for punitive damages.

Electronically Filed 11/13/2018 15:31 / / CV 18 906893 / Confirmation Nbr. 1549282 / CLJSZ

## THIRD CLAIM OF RELIEF
**(Disability Discrimination – Disparate Impact Resulting in Failure to Hire under 42 U.S.C. §12101 *et seq*.)**
**(on behalf of Plaintiff Kasper and class members)**

57.     Plaintiff Kasper re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of Plaintiff's Complaint as if fully re-written herein.

58.     In violation of 42 U.S.C. §12101(a), Defendant Ford discriminated against Plaintiff Kasper and absent class members because of their disability with respect to the tenure, terms, conditions, privileges of employment, and other matters directly and/or indirectly related to their employment, by instituting a website that has a disparately negative impact on disabled individuals in relation to similarly-situated non-disabled applicants.

59.     Plaintiff and absent class members are entitled to a remedy.

60.     As a direct and proximate result of Defendant Ford's wrongful actions, conduct, and/or failure to act, Plaintiff Kasper, and other similarly situated individuals, have suffered and in all likelihood will continue to suffer severe damages, including but not limited to, lost wages, mental anguish and emotional distress, stress, anxiety, and inability to engage in their usual activities, all to their detriment.

61.     Defendant Ford's conduct evidences a conscious disregard for the rights and/or safety of Plaintiff Kasper and class members that have a great probability of causing, and did cause, substantial damages, thereby rendering Defendant Ford liable for punitive damages.

**FOURTH CLAIM OF RELIEF**
**(Disability Discrimination – Failure to Provide Reasonable Accommodation Resulting in Failure to Hire under 42 U.S.C. §12101 *et seq.*)**
**(on behalf of Plaintiff Kasper and class members)**

62.    Plaintiff Kasper re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of Plaintiff's Complaint as if fully re-written herein.

63.    In violation of 42 U.S.C. §12101(a), Defendant Ford discriminated against Plaintiff Kasper and absent class members because of their disability with respect to the tenure, terms, conditions, privileges of employment, and other matters directly and/or indirectly related to their employment, by failing to accommodate their disabilities despite repeated requests for such accommodation.

64.    Plaintiff and absent class members are entitled to a remedy.

65.    As a direct and proximate result of Defendant Ford's wrongful actions, conduct, and/or failure to act, Plaintiff Kasper, and other similarly situated individuals, have suffered and in all likelihood will continue to suffer severe damages, including but not limited to, lost wages, mental anguish and emotional distress, stress, anxiety, and inability to engage in their usual activities, all to their detriment.

66.    Defendant Ford's conduct evidences a conscious disregard for the rights and/or safety of Plaintiff Kasper and class members that have a great probability of causing, and did cause, substantial damages, thereby rendering Defendant Ford liable for punitive damages.

**FIFTH CLAIM FOR RELIEF**

**(Violation of 42 U.S.C. §§12101, *et seq.*-Title III of the Americans with Disabilities Act)**
**(on behalf of Plaintiff Kasper and class members)**

67.     Plaintiff Kasper re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of Plaintiff's Complaint as if fully re-written herein.

68.     Section 12182(a) of Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

69.     Defendant Ford is an "other service establishment," pursuant to 42 U.S.C.S. §12181(7)(F), and is therefore considered a place of public accommodations. Further, http://corporate.ford.com is a service, privilege or advantage or Defendant Ford.

70.     Under Section 12182(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation of an entity.

71.     Under Section 12182(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

72.     Under Section 12182(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

A failure to make reasonable modifications in practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

73. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Job applicants who are disabled have been denied full and equal access to http://corporate.ford.com, have not been provided services that are provided to other job applicants who are not disabled, an/or have been provided services that are inferior to the services provided to non-disabled job applicants. Defendant Ford has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

**SIXTH CLAIM FOR RELIEF**
**(Injunctive and Declaratory Relief)**
**(on behalf of Plaintiff Kasper and class members)**

74. Plaintiff Kasper re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of Plaintiffs' Complaint as if fully re-written herein.

75. The plaintiff class is being immediately and irreparably injured by Defendant Ford's providing an illusory hotline number and failing to return disabled applicants' calls.

14

76.  Plaintiff Kasper therefore allege facts entitling himself as well as other class members in the stated class to injunctive relief against Defendant Ford to compel Defendant Ford to provide disabled job applicants with a reasonable accommodation by having in place a system that engages and provides follow-up with online applicants and to honor its agreements to remedy discrimination.

77.  A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE, PLAINTIFF, ON BEHALF OF HIMSELF AND THE CLASS REPRESENTED, DEMAND JUDGMENT AS FOLLOWS AS TO ALL COUNTS:**

A.  That this Honorable Court award compensatory damages, in an amount in excess of $25,000 for their economic loss, loss of opportunity, stress, depression, emotional distress, mental anguish, and other damages to be determined at trial.

B.  That this Honorable Court enter an order declaring that the instant action is a proper class action maintainable under Rule 23(A) of the Ohio Rules of Civil Procedure.

C.  That this Honorable Court award Plaintiff Kasper and class members punitive damages in an amount to be determined at trial.

D.  That this Honorable Court award Plaintiff Kasper's attorneys' fees, costs, and interest as to all counts in an amount to be determined at trial.

E.  That this Honorable Court grant Plaintiff Kasper and class members such other and further relief as may be deemed just and equitable.

15

Respectfully submitted,

_/s/ Shawn A. Romer_
Shawn A. Romer (0084251)
sromer@romerlawfirm.com
**Romer Law Firm, LLC**
2012 W. 25th St, Ste. 716
Cleveland, OH 44113
Ph: (216) 644-3722
Fx: (216) 803-6674

_/s/ Lewis Zipkin_
Lewis A. Zipkin (0030688)
**ZIPKIN WHITING CO., LPA**
The Zipkin Whiting Building
3637 South Green Road, 2nd Floor
Beachwood, OH 44122
T: (216) 514-6400
F: (216) 514-6406
zfwlpa@aol.com

_**Attorneys for Plaintiffs**_

**JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

_/s/ Shawn Romer_
Shawn Romer (0084251)
_**Attorney for Plaintiffs**_

16

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV18906893 | D1 FX | 37023593 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| EDWARD KASPER, ET AL. | **PLAINTIFF** |
| **VS** | |
| FORD MOTOR COMPANY | **DEFENDANT** |

## SUMMONS

FORD MOTOR COMPANY
C/O STATUTORY AGENT CT CORPORATION
SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

Plaintiff's Attorney

SHAWN ALEXANDER ROMER
2012 W. 25TH ST., STE. 716

CLEVELAND, OH 44113-0000

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

MICHAEL E JACKSON
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas





| **DATE SENT** |
|---|
| Nov 14, 2018 |

By _____
Deputy

COMPLAINT FILED   11/13/2018

# EXHIBIT

# B

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Edward Kasper, *et al*., | : | |
| | : | |
| Plaintiffs, | : | CASE NO. CV 18 906893 |
| | : | |
| vs. | : | |
| | : | JUDGE MICHAEL E. JACKSON |
| Ford Motor Company, | : | |
| | : | |
| Defendant. | : | |

**<u>NOTICE OF FILING NOTICE OF REMOVAL</u>**

Please take notice that Defendant Ford Motor Company has filed in the Office of the Clerk of the United States District Court for the Northern District of Ohio, Eastern Division, a Notice of Removal of this case from the Cuyahoga County, Ohio Court of Common Pleas.  A copy of the aforesaid Notice of Removal is attached hereto as Exhibit 1 and made a part hereof.

Please take notice that pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded."

Dated: December 17, 2018                         Respectfully submitted,

                                                 /s/ *Ronald G. Linville*
                                                 Ronald G. Linville (0025803)
                                                 Email: rlinville@bakerlaw.com
                                                 BAKER & HOSTETLER LLP
                                                 200 Civic Center Drive
                                                 Suite 1200
                                                 Columbus, OH  43215-4138
                                                 Telephone:    614.228.1541
                                                 Facsimile:     614.462.2616

                                                 Eugene Scalia
                                                 Email: escalia@gibsondunn.com
                                                 GIBSON DUNN & CRUTCHER LLP
                                                 1050 Connecticut Ave. N.W.
                                                 Washington, D.C. 20036
                                                 Telephone:   202.955.8500

                                                 Attorneys for Ford Motor Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Filing Notice of

Removal was served upon Shawn Romer, sromer@romerlawfirm.com and Lewis Zipkin,

zfwlpa@aol.com, via electronic mail, on this 17th day of December 2018.

                                                 /s/ *Ronald G. Linville*
                                                 Ronald G. Linville