UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

EDWARD KASPER,
*on behalf of himself and similarly situated persons*,

    Plaintiffs,

vs.

FORD MOTOR COMPANY,

    Defendant.

CASE NO. 1:18-cv-2895

ORDER
[Resolving Docs. 27, 30]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Edward Kasper brings a disability discrimination class action against Ford Motor Company. Plaintiff Kasper seeks relief on two scheduling matters.

Plaintiff Kasper asks the Court for an order requiring Defendant Ford to give Plaintiff any expert reports that Defendant plans to use in support of its opposition to class certification on or before May 1, 2019.[1]

Plaintiff incorrectly states that the Court has not set an expert report disclosure deadline. The Court has. The Court's February 1, 2019 order states: "The parties must exchange expert reports at least 90 days before the date set for trial. Rebuttal reports are due 30 days following the initial reports."[2] Trial is set for October 28, 2019, making the initial expert report disclosure deadline July 30, 2019.

In evaluating whether "good cause" exists to change court-ordered deadlines, the

---

[1] Doc. 27. Defendant opposes. Doc. 28.
[2] Doc. 21.

inquiry mostly focuses on the moving party's diligence, but the Court also considers presence or absence of prejudice to the other party.³ The only legitimate reason Plaintiff offers in support of his request to considerably accelerate the expert report deadline is his desire to have time to determine whether he needs to go to the expense of deposing Defendant's experts before the May 28, 2019 class certification motion deadline.

The Court does not find this to be "good cause" to modify the Court's scheduling order.⁴ In particular, the Court finds that accelerating the date by almost three months would prejudice Defendant. Defendant represents that Plaintiff has not yet produced the necessary discovery on which Defendant's expert intends to rely and that Defendant's expert report will likely respond to the arguments Plaintiff makes in his class certification motion.

Plaintiff in part also seeks the earlier expert report deadline to allow him time to determine whether he needs to retain his own experts, but this is not a valid reason. Plaintiff's deadline to identify experts—February 25, 2019—has long since passed. To the extent that Plaintiff implicitly seeks an extension of the expert identification deadline, the Court also finds that Plaintiff has not demonstrated good cause and excusable neglect for an extension of that deadline.⁵

Plaintiff Kasper also files an unopposed motion to push back the class certification briefing deadlines.⁶ Despite the parties diligently and in good faith conferring about

---

³ *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir.2002).
⁴ Fed. R. Civ. P. 16(b)(4) (providing that a case management schedule "may be modified only for good cause and with the judge's consent").
⁵ Fed. R. Civ. P. 6(b)(1) (requiring a showing of good cause and excusable neglect when the deadline has already passed).
⁶ Doc. 30.

Case No. 1:18-cv-2895
Gwin, J.

scheduling matters, they were unable to schedule the depositions necessary to Plaintiff's class certification motion early enough to give Plaintiff adequate time to obtain the transcripts and use the testimony in his class certification motion, due May 28, 2019.

The Court finds that Plaintiff has demonstrated good cause to modify the briefing schedule and grants Plaintiff's request to push back the class certification motion deadlines by two weeks. The new schedule will be:

- Class certification motion deadline: **June 11, 2019**
- Response: **June 25, 2019**
- Reply: **July 2, 2019**

For the reasons stated, the Court **DENIES** Plaintiff's motion to modify the expert report exchange deadline and **GRANTS** Plaintiff's motion to continue the class certification briefing deadlines.

IT IS SO ORDERED.

Dated: May 13, 2019				*s/	James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE